## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE 1, individual and on behalf of all other persons similarly situated | Civil Action No. 17-3843 (KSH)(CLW) |
| Plaintiffs, | CIVIL ACTION |
| -vs- | |
| BANC, JACK & JOE, LLC dba TITILATIONS GO-GO-BAR, BANC PERO, JOSEPH CARERI, JACK PERO, ABC COMPANIES 1-10 and JOHN DOES 1-10, | |
| Defendants. | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION

On the Brief:
Michael I. Goldman, Esq.
Phil J. Morin III, Esq.

**FLORIO PERRUCCI STEINHARDT & FADER LLC**
218 Route 17 North, Suite 410
Rochelle Park, New Jersey 07662
Tel: (201) 843-5858
Fax: (201) 843-5877
*Attorneys for Defendants, Banc, Jack & Joe, LLC dba Titilations Go-Go-Bar, Banc Pero, Joseph Careri, and Jack Pero*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ..................................................................... 1

LEGAL ARGUMENT ...................................................................................... 1

    I.   PLAINTIFF'S MOTION WAS FILED WITHOUT LEAVE AND THEREFORE, MUST BE DISMISSED AS PROCEDURALLY IMPROPER ......................................................... 1

    II.  PLAINTIFF FAILED TO SHOW THAT SHE IS "SIMILARLY SITUATED" TO PUTATIVE CLASS MEMBERS ................................................................................. 2

    III. PLAINTIFF'S NOTICE REQUESTS ARE EXCESSIVE AND SHOULD BE RESTRICTED TO REGULAR MAIL COMMUNICATIONS ....................................................... 9

CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

Armstrong v. Weichert Realtors
    No. 05–3120, 2006 WL 1455781 (D.N.J. May 19, 2006)......................................5

Bredbenner v. Liberty Travel, Inc.
    No. 09-cv-00905, 2009 WL 2391279 (D.N.J. July 31, 2009).............................10

Camesi v. Univ. of Pittsburgh Med. Ctr.
    729 F.3d 239 (3d Cir. 2013) ................................................................................3

Dreyer v. Altchem Environmental Services, Inc.
    No. 6–2393, 2007 WL 7186177 (D.N.J. Sept. 25, 2007)..................................4, 7

Genesis Healthcare Corp. v. Symczyk
    569 U.S. 66 (2013)...............................................................................................2

Guzman v. Three Amigos SJL Inc.
    117 F. Supp. 3d 516 (S.D.N.Y. 2015) ..................................................................8

Hoffman-La Roche v. Sperling
    493 U.S. 165 (1989)...........................................................................................10

Kronick v. bebe Stores, Inc.
    No. CIV. 07-4514, 2008 WL 4546368 (D.N.J. Oct. 2, 2008)..............................5

Krstic v. J.R. Contracting & Envtl. Consulting
    No. CIV.A. 09-CV-2459, WL 395953 (D.N.J. Feb. 4, 2010)..............................5

Martinez v. Cargill Meat Solutions
    265 F.R.D. 490 (D. Neb. 2009) .........................................................................10

Ritzer v. UBS Fin. Servs., Inc.
    No. 08–CV–01235, 2008 WL 4372784 (D.N.J. Sept. 22, 2008) ........................10

Rogers v. Ocean Cable Grp. Inc.
    No. CIV. 10-4198 NLH KMW, 2011 WL 6887154 (D.N.J. Dec. 29, 2011)........3

Steele v. Depuy Orthopaedics, Inc.
    295 F.Supp.2d 439 (D.N.J. 2003)........................................................................4

Steinberg v. TD Bank, N.A.
    Civil No. 10-cv-5600, 2012 WL 2500331 (D.N.J. June 27, 2012) ...............10, 11

Symczyk v. Genesis HealthCare Corp.
    656 F.3d 189 (3d Cir. 2011) .........................................................................2, 3, 6

Verma v. 3001 Castor, Inc.
    No. 13-3034, 2014 WL 2957453 (E.D. Pa. June 30, 2014) .................................. 9

Villanueva–Bazaldua v. TruGreen Ltd. Partners
    479 F.Supp.2d 411 (D.Del.2007) .......................................................................... 5

White v. Rick Bus Co.
    743 F. Supp. 2d 380 (D.N.J. 2010) ............................................................... 3, 4, 7, 8

Zavala v. Wal Mart Stores, Inc.
    691 F.3d 527 (3d Cir. 2012) .............................................................................. 3, 6

**Statutes**

29 U.S.C. § 216(b) ............................................................................................... 1, 2, 12

## PRELIMINARY STATEMENT

Defendants Banc, Jack & Joe, LLC dba Titilations Go-Go-Bar, Banc Pero, Joseph Careri, and Jack Pero ("Defendants") respectfully submit this memorandum of law in opposition to Plaintiff's Motion for (1) Conditional Collective Action Certification; (2) Court Authorized Notice; and (3) Production of Names and Addresses Pursuant to 29 U.S.C. § 216(b). As an initial matter, Plaintiff's Motion was filed without leave of court, and must be denied. More importantly, Plaintiff fails to present sufficient evidence demonstrating that other putative class members are "similarly situated" to her, and therefore, cannot meet her burden for obtaining conditional certification. As such, Plaintiff's Motion must be denied. To the extent the Court grants Plaintiff's Motion for conditional certification, the Court should exclude certain means of notice requested by Plaintiff, as such requests are excessive.

## LEGAL ARGUMENT

### I.    PLAINTIFF'S MOTION WAS FILED WITHOUT LEAVE AND THEREFORE, MUST BE DISMISSED AS PROCEDURALLY IMPROPER

As an initial matter, Plaintiff filed the within motion without first seeking leave of court to do so and therefore, the motion must be denied. In particular, the Initial Pretrial Scheduling Order (ECF No. 13) in this matter does not specifically permit a motion of this type, and otherwise directs the parties to Judge Waldor's Civil Case Management Order with respect to motion practice. Likewise, the Civil

1

Case Management Order does not explicitly permit a motion of this type, but otherwise addresses which motions can be filed without leave of Court.   As Plaintiff failed to seek leave of Court before filing the within motion.   Plaintiff's Motion is procedurally defective and therefore, should be denied.

## II.   PLAINTIFF FAILED TO SHOW THAT SHE IS "SIMILARLY SITUATED" TO PUTATIVE CLASS MEMBERS

The FLSA permits employees to bring actions against their employers on their own behalf, or collectively on behalf of "similarly situated employees."   29 U.S.C. § 216(b); Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013). Litigation brought on behalf of other employees is commonly referred to as a "collective action."   Id.   Court's in this Circuit generally follow a two-tiered analysis in deciding whether an action may properly proceed as a collective action under the FLSA.   Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011), rev'd, Genesis Healthcare Corp., 569 U.S. 66.   During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff.   Symczyk, 656 F.3d at 192.   If the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery.   Id.   If Plaintiff satisfies this burden, the Court may authorize Plaintiff to send a notice of the lawsuit to individuals whom the Court determines are "similarly situated" to Plaintiff.   See White v. Rick Bus

Co., 743 F. Supp. 2d 380, 386 (D.N.J. 2010).  Once notice is sent to similarly situated individuals and the case proceeds through discovery, the Court engages in the second step of the process, making a final determination as to whether each opt-in plaintiff in fact is similarly situated to the named plaintiffs.  See Symczyk, 656 F.3d at 193; Camesi v. Univ. of Pittsburgh Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013).

In the "conditional certification" phase, the named plaintiff(s) must make a "modest factual showing" that they are "similarly situated" to the group of proposed recipients of opt-in notices.  Id. at 193; Camesi, 729 F.3d at 243.  Under the "modest factual showing" test standard, "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees."  See Symczyk, 656 F.3d at 193; Zavala v. Wal Mart Stores, Inc., 691 F.3d 527, 536 n.4 (3d Cir. 2012).  "In spite of the modest [factual nexus] evidentiary standard, courts have not hesitated to deny conditional certification when evidence is lacking."  Rogers v. Ocean Cable Grp. Inc., No. CIV. 10-4198 NLH KMW, 2011 WL 6887154, at *3 (D.N.J. Dec. 29, 2011) (citing Dreyer v. Altchem Environmental Services, Inc., No. 6–2393, 2007 WL 7186177, at *3 (D.N.J. Sept. 25, 2007)).  While the burden on a moving party at the first stage is "modest," it is far from automatic or a "rubber stamp" process.

Courts in this Circuit have denied motions for conditional certification where the plaintiff(s)' affidavits only presented unsubstantiated assertions to show that other employees were similarly situated. In <u>Dreyer v. Altchem Environmental Services, Inc.</u>, the named plaintiff sought conditional certification to proceed as a collective action on behalf of all employees of plaintiff's employees who did not receiver overtime pay. <u>See</u> <u>Dreyer</u>, 2007 WL 7186177, at *1. In support of their motion, the named plaintiffs submitted affidavits stating that upon "information and belief" other employees were paid in the same way as the named plaintiffs. <u>Id.</u> at *4. The court denied plaintiffs' motion, finding that such unsubstantiated assertions did not amount to the requisite factual showing. <u>Id.</u> (citing <u>Steele v. Depuy Orthopaedics, Inc.</u>, 295 F.Supp.2d 439, 446 (D.N.J. 2003) (discounting affidavit that contained only "unsubstantiated conclusory statements ... coupled with rote recitations")).

Likewise, in <u>White v. Rick Bus Co.</u> the court again denied a motion for conditional certification based upon deficiencies in the supporting affidavits. <u>White</u>, 743 F. Supp. 2d at 388. In that case, the plaintiff failed to demonstrate a modest factual nexus between himself and putative class members where his certification contained blanket assertions without factual matter, and was based on hearsay. <u>Id.</u> More specifically, the plaintiff's certification asserted that his conclusory statement that other similarly situated employees were denied overtime

was "based upon my conversations with them and in many instances, the comparison of our weekly pay checks." Id.  The court concluded that plaintiff's certification was deficient because the relevant statements therein were based on inadmissible hearsay, and that the plaintiff failed to present any certifications or affidavits from the putative class members with whom he spoke.  Id. at 388-89. See also Armstrong v. Weichert Realtors, No. 05–3120, 2006 WL 1455781 (D.N.J. May 19, 2006) (denying preliminary certification where the supporting declaration made vague, general statements about other employees but failed to define those to whom the affiant referred and how he had knowledge of them); Villanueva–Bazaldua v. TruGreen Ltd. Partners, 479 F.Supp.2d 411 (D.Del.2007) (denying preliminary certification where only evidence was "terse" declaration attesting to other employees' statements regarding their pay); Krstic v. J.R. Contracting & Envtl. Consulting, No. CIV.A. 09-CV-2459, WL 395953 (D.N.J. Feb. 4, 2010); Kronick v. bebe Stores, Inc., No. CIV. 07-4514, 2008 WL 4546368 (D.N.J. Oct. 2, 2008).

The aforementioned cases are extremely instructive on the within matter. Plaintiff's submission is equally deficient as in those instances where the court denied conditional certification.  Plaintiff fails to demonstrate the she is "similarly situated" to putative class members who would receive the opt-in notice.  As

Plaintiff cannot meet the required threshold for conditional certification, Plaintiff's motion must be denied.

While Plaintiff's declaration provides details regarding her experience as an exotic dancer at Titillations Go-Go Bar, her motion fails to provide any evidence beyond unsubstantiated assertions that there is a "factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." See Symczyk, 656 F.3d at 193; Zavala, 691 F.3d at 536 n.4.   The crux of Plaintiff's cause of action is that she was misclassified as an independent contractor and not paid the required minimum wages as set forth in the FLSA.  (ECF No. 1, at ¶ 1.)  However, Plaintiff has not presented any evidence, beyond unsubstantiated assertions, that other employees were treated in the same manner.  Plaintiff's declaration in support of the within motion states as follows:

> I was classified as an 'independent contractor' during the time I
> worked for Titillation, and I understand that all dancers who worked
> at Titillations at the same time I did were also classified this way.  I
> also understand that this policy did not change with my arrival, and
> dancers have been classified this way before I worked for Titillations.

(See Pl.'s Declaration, at ¶ 5.)  Plaintiff continues that "[d]uring the time I worked for Titillations I was not aware of any dancers who were classified as employees."

(See Pl.'s Declaration, at ¶ 6.)  Additionally, Plaintiff's declaration states "I was

not paid an hourly wage by Titillations.  To my knowledge neither were any of the other dancers at Titillations."  (See Pl.'s Declaration, at ¶ 7.)

These statements which form the epicenter of Plaintiff's claim and the basis for seeking conditional certification are akin to those assertions relied upon in other cases in which the Court denied conditional certification.   Plaintiff's statements as to other putative class members are merely unsupported assertions. This is similar to Dreyer, where conditional certification was denied after plaintiff relied upon statements made upon "information and belief".   Dreyer, 2007 WL 7186177, at *4.  Plaintiff's statements regarding classification and compensation are made only upon her knowledge and without any form of validation or verification.   Additionally, Plaintiff's submission does not include affidavits or declarations from any other putative class members as to their classification and wages, or even setting forth any further details as to the source of Plaintiff's knowledge regarding other employees' classification and compensation.  Likewise, Plaintiff has not presented the court with any details regarding putative class members, including any names of similarly situated employees. See White, 743 F. Supp. 2d at 388.  Plaintiff bears the burden of satisfying the similarly situated standard. See White, 743 F. Supp. 2d at 386.  However, Plaintiff's proofs, or lack thereof, fall short of establishing the factual nexus that other employees were similarly situated.   Without more, Plaintiff's generalized assertion that other

employees were classified and paid the same as Plaintiff are simply insufficient to warrant conditional certification at this time.

While Plaintiff relies upon a multitude of cases in which courts have granted conditional certification to exotic dancers, her motion fails to appreciate any distinctions between the evidence presented and applicable law in those cases and in the instant matter.  For example, in Guzman v. Three Amigos SJL Inc., 117 F. Supp. 3d 516 (S.D.N.Y. 2015), the plaintiffs' relied upon declarations that included detailed identities of other employees, including first names and initials.  Id. at 524.  Moreover, the New York district court in Guzman, in noting that the plaintiffs' declarations included statements that lacked "personal knowledge" that other entertainers were similarly situated, stated that courts in the Second Circuit regularly rely upon hearsay evidence in determining motions for conditional certification.  Id.  As noted, this court has previously found that inadmissible hearsay was insufficient to meet the modest factual next required for conditional certification.  White, 743 F. Supp. 2d at 388.

Plaintiff fails to cite to any case from this district involving conditional certification to a putative class of exotic dancers.  While courts may often grant conditional certification in cases involving exotic dancers, Plaintiff in this matter has not presented sufficient evidence to meet her burden.  Moreover, the only exotic dancer case from this Circuit cited by Plaintiff, Verma v. 3001 Castor, Inc.,

8

No. 13-3034, 2014 WL 2957453 (E.D. Pa. June 30, 2014), is easily distinguished from the within case.  In <u>Verma</u>, the plaintiff's motion for conditional certification was supported by the defendant's interrogatory responses, and an affidavit from the defendant's manager that corroborated facts regarding the dancers' compensation and employment conditions.  <u>Id.</u> at *12; <u>see also</u> <u>Verma v. 3001 Castor, Inc.</u>, No. 13-3034, Ex. 3 to Plaintiff's Memorandum of Law in Support of Motion for Conditional Collective Action Certification and Judicial Notice (ECF No. 22) (D.N.J. Nov. 7, 2013).   Here, Plaintiff's unsubstantiated assertions regarding other dancers do not rise to the level of proof usually present where courts have granted conditional certification to a putative class of exotic dancers. This case is simply not ripe for conditional certification at this time.

### III.   PLAINTIFF'S NOTICE REQUESTS ARE EXCESSIVE AND SHOULD BE RESTRICTED TO REGULAR MAIL COMMUNICATIONS

Part and parcel of Plaintiff seeking conditional certification of an opt-in class is Plaintiff's request to issue Court-authorized notice to putative class members. However, Plaintiff's requests for notice as set forth in the Proposed Order appended to Plaintiff's Motion are excessive and unfairly prejudicial to Defendants.  As such, to the extent the Court grants conditional certification to Plaintiff, the Court should limit the means of providing notice to regular mail.

Likewise, the Court should also limit the type of contact information required to be provided to Plaintiff's counsel.

Decisions regarding whether to facilitate notice to potential plaintiffs, and how to facilitate it, are matters entrusted to the district court's discretion.  See Hoffman-La Roche v. Sperling, 493 U.S. 165, 169 (1989).  Courts generally require compelling reasons to allow notice mechanisms beyond first class mail or contact information beyond mailing addresses.  See Steinberg v. TD Bank, N.A., Civil No. 10-cv-5600, 2012 WL 2500331, at *10 (D.N.J. June 27, 2012); see also Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 500 (D. Neb. 2009) (declaring that first class mail would be sufficient because "[t]here is no evidence personal mailing will be an unreliable means of delivering notice to the putative plaintiffs"). Likewise, the Court should only permit additional methods of notice, as well as additional personal information where first class mail proves insufficient.  See Steinberg, 2012 WL 2500331, at *10; Bredbenner v. Liberty Travel, Inc., No. 09-cv-00905, 2009 WL 2391279, at *3 n. 3 (D.N.J. July 31, 2009); Ritzer v. UBS Fin. Servs., Inc., No. 08–CV–01235, 2008 WL 4372784, at *4 (D.N.J. Sept. 22, 2008).

Here, Plaintiff's Proposed Order includes several methods and stages of notice to putative class members, including: (1) Defendants posting the notice in the dressing room/back room of Defendants' business; (2) Defendants providing copies of the notice to all exotic dancers upon arrival for their first shift which

occurs at least thirty days after the date of the Order; Plaintiff's counsel mailing a copy of the notice within thirty days of the Order; (4) Plaintiff's counsel mailing a second copy of the notice within sixty days of the Order; and (5) Plaintiff's counsel attempting to reach potential class members by phone.

Likewise, Plaintiff seeks production of putative class members' mailing addresses, phone numbers, and e-mail addresses.   The means of notice and information sought go well beyond that which is normally granted for purposes of opt-in notice.  See e.g. Steinberg, 2012 WL 2500331, at *10.  The Court should limit the information provided to only mailing addresses, and limit the method of notice to only regular mail.  In particular, Plaintiff's request to have Defendants post the notice in Defendants' business, as well as physically provide dancers with the notice is excessive and unfairly prejudicial.  Requiring such activities would place an undue burden on Defendants, and serve as nothing more than a distraction and impediment to Defendants' business.   To the extent the Court grants conditional certification, Plaintiff's counsel should be limited to obtaining only mailing addresses for potential class members, and to contact same via regular mail.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for (1) Conditional Collective Action Certification; (2) Court Authorized Notice; and (3) Production of Names and Addresses Pursuant to 29 U.S.C. § 216(b).

Respectfully submitted,

**FLORIO PERRUCCI STEINHARDT & FADER, LLC**

By:   /s/ Philip J. Morin III, Esq.
Philip J. Morin III, Esq.
Michael I. Goldman, Esq.
Florio Perrucci Steinhardt
& Fader, LLC
218 Rt. 17 North, Suite 410
Rochelle Park, New Jersey 07662
(201) 843-5858
*Attorneys for Defendants, Banc, Jack*
*& Joe, LLC dba Titilations Go-Go-*
*Bar, Banc Pero, Joseph Careri, and*
*Jack Pero*