**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all other persons similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>BANC, JACK & JOE, LLC dba TITILLATIONS[1] GO-GO BAR, BANC PERO, JOSEPH CARERI, JACK PERO, ABC COMPANIES 1-10 AND JOHN DOES 1-10,<br><br>*Defendants.* | Civil No.: 17-cv-03843 (KSH) (CLW)<br><br><br><br><br><br>OPINION |

**Katharine S. Hayden, U.S.D.J.**

Before the Court is a motion filed on behalf of plaintiff Jane Doe 1 for conditional certification, court authorized notice, and production of names and addresses relative to her lawsuit filed under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (D.E. 14.) The Court decides this motion without oral argument, and for the following reasons denies plaintiff's motion without prejudice.

**I. Introduction**

Doe filed this putative collective action (D.E. 1, Complaint) on behalf of herself and others similarly situated against entity defendant Banc, Jack & Joe

---

[1] In the complaint this establishment is referred to as "Titilations." However, in reality the name is "Titillations," and the Court refers to it as such.

1

LLC d/b/a Titillations Go-Go-Bar ("Titillations"), individual defendants Banc Pero, Joseph Careri, Jack Pero, and various fictitious defendants (collectively, "defendants"). Doe alleges that defendants misclassified her and members of the putative class as independent contractors and refused to pay them minimum wage, instead requiring them to pay to work and to share gratuities they received with defendants and defendants' employees, in violation of the FLSA and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.* (Compl. ¶¶ 2, 3.) Doe seeks to proceed with the case as a collective action on behalf of "all other persons who were employed by Defendants anywhere in the State of New Jersey as dancers or entertainers who were not paid the minimum wage and were misclassified as independent contractors under the FLSA during the three year period preceding this Complaint." (*Id.* ¶ 2.)

Upon conditional certification, Doe also petitions the Court to: (1) approve her proposed FLSA Notice and Consent to Sue form; (2) mandate that defendants produce contact information for all dancers who worked at Titillations during the relevant period, including dancers' phone numbers and email addresses; (3) authorize plaintiff to send two rounds of notice mailings and to contact potential members by phone; and (4) additionally require defendants to post notice in the back room and dressing rooms of Titillations and provide personal copies of the notice to all current dancers. (D.E. 14-4, Proposed Order.)

Defendants oppose Doe's motion in its entirety, principally arguing that the Court should not grant conditional certification because she fails to make the

required showing that she is similarly situated to putative class members. (D.E. 17, Opp. Br. 1) In the event the Court grants certification, defendants challenge Doe's proposed form of notice as "excessive and unfairly prejudicial" and ask the Court to limit the contact information Titillations must provide to mailing addresses only, and the method of notice to regular mail. (Opp. Br. 9, 11.)

No plaintiffs have opted in to the suit since the filing of the complaint.

## II. Factual Background

As alleged in the complaint and supported by Doe's declaration (D.E. 14-1), she worked from August 2016 until January 2017 as an exotic dancer at Titillations, an adult entertainment nightclub located in Bloomfield, New Jersey. (Compl. ¶ 8; Doe Decl. ¶¶ 2, 4.) Doe's job duties included "dancing on stage during stage rotation, performing personal dances (also called 'lap dances' or private dances') for customers, and spending time with customers in semi-private rooms and areas." (Doe Decl. ¶ 3.)

Doe asserts that she was classified as an "independent contractor" rather than an employee, and that she "understand[s] that all the dancers who worked at Titillations at the same time as [she] did were classified the same way." (Doe Decl. ¶ 5.) She alleges that she was not paid an hourly minimum wage or issued a paycheck, W-2, or 1099, and her sole income was derived from patron tips. (Compl. ¶¶ 28-30.) Upon information and belief Doe alleges that "over 100 different women have worked as dancers at Titillations without being paid any minimum wages . . . ." (*Id.* ¶ 31.)

3

Doe had to pay a $45.00 non-negotiable "house fee" or "tip out" for each shift she worked, which was divided between the manager and the DJ. (*Id.* ¶ 39; Doe Decl. ¶ 16.) Doe alleges she was given a written copy of the "rules for the position" and was instructed by the manager that these rules and other expectations posted on the Titillations bulletin board were the "official rules of the club." (Doe Decl. ¶¶ 14-15.) The rules governed fees, scheduling, and dancers' appearance and performance and were posted "conspicuously in the back room for all dancers to see," in dressing rooms, and on the Titillations bulletin boards. (*Id.* ¶¶ 18, 21-33; Exhibit A at P00005-6, 10-13.) Doe "often spoke with other dancers in the dressing room" and "observed [them] during their shifts," and "[b]ased upon these observations and the many rules posted in the back room, it was clear to [her] that each and every dancer was subject to the same rules and performed the same job duties as [she] did." (*Id.* ¶ 20.)

### III. Legal Standard

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Section 216(b) grants "similarly situated" employees the right to sue in a collective action. *Id.*; 29 U.S.C. § 216(b). Distinct from class actions brought under Fed. R. Civ. P. 23, the FLSA requires collective action members to affirmatively opt in by filing a written consent with the court. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242-43 (3d Circ. 2013).

The Third Circuit follows a two-step process when determining if a suit brought under the FLSA may proceed as a collective action. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, *Symczyk*, 569 U.S. 66 (2013). At the first stage, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." *Id.* If the plaintiff satisfies this burden, the court grants conditional certification "for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery," *Camesi*, 729 F.3d at 243.

To qualify for conditional certification, a plaintiff must make a "modest factual showing" that the proposed class of employees is "similarly situated." *Id.* Courts apply a "fairly lenient standard," as this stage "occurs early in litigation when the [district] court has minimal evidence." *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 78 (D.N.J. 2014) (Simandle, J.). Still, "a plaintiff must produce some evidence, 'beyond mere speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other people." *Symczyk*, 656 F.3d at 193 (citations omitted).

At the second step, the court, with the benefit of a fuller record, "makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." *Id.* Plaintiffs must satisfy the preponderance of evidence standard at the final certification stage. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 534 (3d Cir. 2012); *see also Symczck*,

656 F.3d at 193 ("This stage is less lenient, and the plaintiff bears a heavier burden.").

## IV. Discussion

As indicated above, at this stage the Court is solely concerned with whether Doe has made the necessary factual showing, albeit modest, that she and the proposed class are similarly situated because they were victims of a common policy or plan that violated the law—in this case, the defendants' alleged misclassification of all Titillations dancers as independent contractors and the related failure to pay them hourly wages. The standard demands that Doe "produce some evidence, 'beyond mere speculation . . . .'" *Symczyk*, 656 F.3d at 193 (citations omitted).

Doe's brief argues that she "has shown that all dancers were (mis)classified as independent contractors," and directs the Court to paragraph five of her declaration as substantiation. (D.E. 14-3, Pl. Br. 12.) There, Doe asserts that she "understand[s] that all the dancers who worked at Titillations at the same time [she] did" were also classified as independent contractors (Doe Decl. ¶ 5), and she was "not aware of any dancers who were classified as employees" (*id.* ¶ 6). She further certifies that she "was not paid an hourly wage by Titillations," and that "[t]o [her] knowledge, neither were any of the other dancers at Titillations." (*Id.* ¶ 7.)

Defendants argue Doe has failed to "provide any evidence, beyond unsubstantiated assertions," that other employees were treated the same way. (Opp. Br. 6.) The Court agrees. Doe provides no facts to show *how* she came to

"understand" that all dancers were classified as independent contractors. That Doe is "not aware of any dancers who were classified as employees" (Doe Decl. ¶ 6) does not amount to "some evidence" of that fact. Doe's subjective conclusions, bereft of actual details about time and place and actual persons, fail to add up to the "modest factual support" level required at this stage.

Doe's reply brief posits that postings of workplace rules on Titillations' bulletin boards, addressed collectively to "Dancers," support her assertion that "all of the dancers were subject to the same employment policies." (D.E. 18, Reply Br. 3.) Her brief argues that the postings establish that "Titillations thinks of its 'Dancers' as a similarly situated group. The only greater proof missing from the record would be a workplace sign advising that 'all dancers are independent contractors and are not paid minimum wage.'" (*Id.*)

The posted rules direct, among other things, the following: "You may cancel one or more days in advance." "Do not cancel on the day your are working." "The house fee is $20. Please pay a manager without being asked." "Do not use your cellphone behind the bar." "Please change your outfits before sets." "It's time to add some more color. Every Dancer will be expected to have at least four different color outfits per shift and to wear them." (Doe Decl., Ex. A at P00005.) The Court fails to see a correlation between these rules and the dancers' wage and hour circumstances. As the Third Circuit clarified in *Zavala*, for the purposes of a collective action, to be "similarly situated," putative members must be "subjected to some common employer practice that, if proved, would help demonstrate a violation

of the FLSA." 691 F.3d at 538. That the dancers were notified collectively about workplace rules does not permit a plausible inference that all Titillations employees are paid as independent contractors—it merely shows that Titillations dancers are all subject to the same workplace rules.

In addition, and not surprisingly, defendants stress that Doe is the only named plaintiff and she has not submitted "affidavits or declarations from any other putative class members as to their classification and wages." (Opp. Br. 7.) Moreover, they note the complaint lacks specifics about the proposed class and does not give names of similarly situated employees or the years in which those employees worked.[2] (*Id.*) Again, the Court concurs. As has been recognized in this district, such "basic facts are readily ascertainable at the pleading stage before discovery, and their absence is notable." *Siu Ching Ha v. 4175 LLC*, No. 15-5530, 2018 WL 1509090, at *4 (D.N.J. 2018) (Salas, J.) (citing *White v. Rick Bus Co.*, 743 F. Supp. 2d 380, 388 (D.N.J. 2010) (Wolfson, J.) (denying conditional certification on the basis of the paucity of relevant facts)).

Finally, Doe argues that courts regularly grant conditional certification to cases where exotic dancers are plaintiffs, citing a deep list of cases. (Pl. Br. 8-9.)

---

[2] The Court acknowledges Doe's concern regarding anonymity, but finds that it does not present an obstacle to providing basic facts about the proposed class. *See Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 524 (S.D.N.Y. 2015), cited in Doe's brief, where the court relied on declarations identifying people by first names or initials.

8

However, none of them is brought by a single plaintiff offering only her affidavit in support.

The Court must conclude that Doe has failed to meet the fairly generous conditional certification standard.[3] This is not necessarily a fatal blow; as the Third Circuit has observed, "[a] denial at the conditional certification stage is not necessarily a final determination of whether the matter may proceed as a collective action. Some courts permit the issue to be revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224-25 (3d Cir. 2016).

## V. Conclusion

For the foregoing reasons, the Court DENIES plaintiff's motion for conditional certification without prejudice. An appropriate order will follow.

Date: November 21, 2018

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J

---

[3] The Court's denial of conditional certification at this time obviates need for consideration of the question whether Doe's proposed form of notice is proper.