Charles X. Gormally, Esq.
Thomas Kamvosoulis, Esq.
Eric Magnelli, Esq.
**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
cgormally@bracheichler.com
tkamvosoulis@bracheichler.com
emagnelli@bracheichler.com
*Attorneys for Plaintiff Jane Doe 1, individually
and on behalf of all other persons similarly situated*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all other persons similarly situated, | Civil Action No. 2:17-cv-03843-KSH-CLW |
|    Plaintiff, | |
| vs. | |
| BANC, JACK & JOE, LLC dba TITILLATIONS GO-GO-BAR, BANC AND JACK PERO, INC. dba TITILLATIONS GO-GO BAR, BANC PERO, JOSPEH CARERI, JACK PERO, ABC COMPANIES 1-10 and JOHN DOES 1-10, | |
|    Defendants. | |

### FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe 1 ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through her attorneys Brach Eichler L.L.C, by way of Complaint and Demand for Jury Trial against Defendants, says:

## NATURE OF THE ACTION

1.      This is a class and collective action brought by Plaintiff, a dancer, against Defendants Banc, Jack & Joe, LLC doing business as Titillations Go-Go-Bar ("Titillations"), Banc and Jack Pero, Inc. doing business as Titillations Go-Go-Bar, Banc Pero, Joseph Careri, and Jack Pero (hereinafter collectively referred to as "Defendants") who own and operate Titillations. The Class which the Plaintiff seeks to represent is composed of female employees who, during the relevant time period, worked as dancers for Defendants.  During this period the Defendants (1) intentionally misclassified Plaintiff and all other members of the putative Class as independent contractors and/or as quasi lessees; (2) willfully refused to pay a minimum wage; (3) unlawfully required dancers to split their gratuities with Defendants and their employees; (4) unlawfully deducted employee wages through rents, fines, and penalties; and (5) upon information and belief continue to engage in all of these improper actions toward the Class.

2.      This is a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who were employed by Defendants anywhere in the State of New Jersey as dancers or entertainers, or any other equivalent position, and who were not paid the minimum wage and were misclassified as independent contractors under the FLSA during the three year period preceding this Complaint (the "Class").

3.      This is also a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all other persons who were employed by Defendants anywhere in the State of New Jersey as dancers or entertainers, or any other equivalent position, and who were not paid the minimum wage and were misclassified as independent contractors in violation of the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a through 34:11:56a30 (the "NJWHL"), during the two year period preceding this Complaint (the "Class").

- 2 -

4.      As a result of Defendants' unlawful conduct, Plaintiff and the Class are entitled to remedies including, but not limited to, injunctive relief and damages as authorized under state and federal laws and regulations. Plaintiff brings this class action seeking damages, back pay, restitution, liquidated damages, injunctive and declaratory relief, civil penalties, prejudgment interest, reasonable attorneys' fees and costs, and any and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiff's principle claims arise under federal law pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

6.      This Court has supplemental jurisdiction over Plaintiff's claims arising under New Jersey State law pursuant to 29 U.S.C. §1367.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims herein occurred in the District of New Jersey.  In addition, Defendants regularly transact business in this District, have a place of business in this District, and this lawsuit arises out of Defendants' activities in this District such that they are subject to personal jurisdiction in the District of New Jersey.

## PARTIES

8.      Plaintiff Jane Doe 1("Plaintiff") is a citizen and resident of the State of New Jersey and worked for Defendants from the Summer 2016 until early 2017. At all relevant times, Plaintiff was an employee as defined in 29 U.S.C. §201 et seq. and N.J.S.A. 34:11-56a et seq.

9.      Plaintiff has executed her consent to join form. Like other Class members, Plaintiff was: (1) misclassified in her employment status and was not paid the wages to which

she was entitled to as an employee; and was (2) required to split tip income with Defendants and their non-tipped employees.

10.    Plaintiff files this action under a fictitious name and seek to proceed anonymously because: (a) she fears retaliation by Defendants; (b) she wishes to preserve her right to privacy; (c) there is a significant social stigma attached to her occupation as a dancer; (d) there is an inherent amount of risk associated with Plaintiff's profession and she fears that disclosure of her legal name and address may subject her to risk of injury by current and former patrons; and (e) in addition to the fear of retaliation by Defendants, she would be hesitant to maintain this action enforcing fundamental employment rights if her names were to be forever associated with Defendants. There is no prejudice to Defendants if Plaintiff files this action under a fictitious name and proceeds anonymously. In the ordinary course of business, Defendants themselves identify the dancers they employ through stage names. The identities of Plaintiff will be disclosed to Defendants privately in order to allow them to assess and defend their claims.

11.    Defendant Banc, Jack & Joe, LLC *dba* Titillations Go-Go-Bar ("Titillations"), is a New Jersey limited liability company with a place of business at 12 Willow St, Bloomfield, New Jersey 07003.

12.    Defendant Banc and Jack Pero, Inc. *dba* Titillations Go-Go-Bar, is a New Jersey corporation with a place of business at 12 Willow St, Bloomfield, New Jersey 07003.

13.    Defendant Banc Pero ("B. Pero"), upon information and belief, is a resident of the State of New Jersey and has a place of business at 12 Willow St, Bloomfield, New Jersey 07003. Upon information and belief, B. Pero resides at 35 County Road, Demarest, New Jersey 07627. B. Pero is an owner, officer, director, member or manager of Titillations and controlled the terms

and conditions of Plaintiff's employment. The Titillations Facebook page lists B. Pero as a General Manager of Titillations.

14.     Defendant Jack Pero ("J. Pero"), upon information and belief, is a resident of the State of New Jersey and has a place of business at 12 Willow St, Bloomfield, New Jersey 07003. Upon information and belief, J. Pero resides at 21 Demott Avenue, Bergenfield, New Jersey 07621. J. Pero is an owner, officer, director, member or manager of Titillations and controlled the terms and conditions of Plaintiff's employment. The Titillations Facebook page lists J. Pero as a General Manager.

15.     Defendant Joseph Careri ("Careri"), upon information and is a resident of the State of New Jersey and has a place of business at 12 Willow St, Bloomfield, New Jersey 07003. Careri is an owner, officer, director, member or manager of Titillations and controlled the terms and conditions of Plaintiff's employment.

16.     Defendants ABC Companies 1-10 are entities that discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

17.     Defendants John Does 1-10 are persons who discovery and investigation may reveal may be responsible in whole or in part, directly or indirectly, for the claims and damages alleged herein.

## **FACTUAL ALLEGATIONS**

18.     Defendants are joint employers of Plaintiff and all class members and as such are jointly and severally liable for any violations of the wage and hour laws set forth below. Plaintiff seeks to certify a class of all dancers and entertainers who worked at Titillations in Bloomfield,

New Jersey which is directly or indirectly, owned, operated, controlled and/or managed by Defendants.

19.     The Defendants intentionally agreed and conspired among themselves, as well as with any third-parties which own part of Titillations to unlawfully: (1) misclassify dancers as independent contractors, as opposed to properly classifying them as employees; (2) fail to pay Class members wages in violation of the FLSA and the NJWHL; (3) require that dancers split their table and private dance tips with Defendants; (4) require that dancers further split their table and private dance tips with Defendants' DJ's and other employees who do not usually receive tips, by paying "tip-outs;" (5) demand improper and unlawful payments from Plaintiff and class members; (6) adopt and implement employment policies which violate the FLSA and/or other wage and hour laws; (7) require dancers to pay fees and fines before allowing them to work; and (8) threaten retaliation against any dancer attempting to assert her statutory rights to be recognized as an employee.  The unlawful agreements and conspiracies between Defendants and third-parties in the enterprise were entered into as part of a strategy to maximize revenues and profits, avoid taxes and to violate class members' statutory rights.

20.     Defendants knew or should have known that their business model and their practices are unlawful since all money given to dancers by patrons is defined to be a gratuity and the sole property of the dancer.

21.     Defendants decision to keep Plaintiff and the other dancers "off the books" was a deliberate attempt to violate State and Federal wage and hour laws and a blatant tax avoidance strategy.  Despite knowing their behavior was unlawful, Defendants continue to willfully engage in the acts described below misclassifying dancers and splitting tip income in violation of their legal duties. Accordingly, their violations of the FLSA and NJWHL were willful.

BE:12570271.1/GAR266-271953

22.     The FLSA and NJWHL applied to Plaintiff and the Class at all times in which they worked at Titillations.

23.     At all relevant times, Defendants owned and operated a business engaged in interstate commerce and which utilized goods which moved in interstate commerce as defined in 29 U.S.C.§203(r) and §203(s).

24.     Defendants constitute an "enterprise" within the meaning of 29 U.S.C. §203(r)(1), because they perform related activities through common control for a common business purpose.

25.     At relevant times, Plaintiff and the Class were employed by Defendants, enterprises engaged in commerce within the meaning of 29 U.S.C. §206(a) and §207(a).

26.     Plaintiff herself was employed from the summer of 2016 until early 2017 and typically worked three (3) days a week and seven (7) hours per day, for a total of twenty-one (21) hours per week.

27.     At relevant times, Plaintiff and each member of the Class were current or former employees of Defendants under the FLSA and applicable state wage and hour laws.

28.     No exceptions to the application of the FLSA or NJWHL apply to Plaintiff and the Class.

29.     Plaintiff and the Class have been intentionally misclassified by Defendants. Plaintiff and the Class were misclassified as independent contractors when they are employees. Defendants also classified its dancers as quasi lessees and charged them rent in the form of compulsory tip sharing in order to be permitted to perform at Titillations.

30.     Plaintiff and the Class have never been paid any minimum wage by Defendants. Plaintiff, like other similarly situated individuals, was never issued a paycheck during her employment. Plaintiff was never issued a W-2 or a 1099.

31.     Defendants never paid Plaintiff anything for the services she provided to the Defendants. Plaintiff's sole source of payment was in the form of tips from Titillations patrons. Notwithstanding this, at the end of every shift, Plaintiff was forced to "tip out" or pay some of her earnings to Titillations and DJ's.

32.     Upon information and belief, during the relevant time period over 100 different women have worked as dancers at Titillations without being paid any minimum wages while also being denied the rights and benefits of being an employee.

33.     The money that Class members received from customers in the performance of dances or other entertainment services were tips, not wages or service fees. These tips were given by patrons directly to workers in the Class and therefore, the tips belong to the Class members, not Defendants.

34.     The tips that workers in the Class are given by patrons are not taken into Defendants' gross receipts, with a portion then paid out to the workers. Defendants do not issue W-2 forms, 1099 forms or any other documents to Class members indicating any amounts being paid from their gross receipts to Class members as wages.

35.     Plaintiff and members of the Class are tipped employees as they are engaged in occupations in which they customarily and regularly receive more than $30 a month in tips. No tip credits offsetting any minimum wages due are permitted. Therefore, as Defendants' employees, Class members are entitled to: (i) receive the full minimum wages due, without any tip credit, reduction or other offset, and (ii) to retain the full amount of any tips and monies given to them by customers when they perform dances or other services.

36.     Plaintiff and the other Class members do not exert control over any meaningful part of Titillations and do not stand as a separate economic entity from Defendants. Defendants

exercise control over all aspects of the working relationship with Plaintiff and the other Class members at Titillations.

37.    Defendants obtain the customers who desire to watch dance entertainment and provide the workers who provide dance services on behalf of Defendants. Defendants retain pervasive control over the operation as a whole, and particular the manner in which the Class members' participate in the operation.

38.    Defendants employ guidelines and rules dictating the way in which Class members must conduct themselves while working including setting the hours of operation; method of sign in and sign out; confirming bookings; length and time of shifts; the show times during which a dancer may perform; rotation for dancers performing onstage; the format of dancers' performances, including approval of wardrobe; and the cost of private dances each Class Member performs. Defendants also dictate the hours worked by Plaintiff and the Class. Dancers do not even control the songs to which they dance.

39.    Defendants control what Plaintiff and the Class wear while working. Defendants require Plaintiff and the Class to purchase certain outfits with certain colors or they are not allowed to work.

40.    Defendants control when Plaintiff and the Class dance and for how long, when Plaintiff and the Class give private dances, the price of private dances, when Plaintiff and the Class take break, how Plaintiff and the Class are required to divide up their tips. Defendants required every Class member to pay $30 per shift to the club in order to work the shift and $15 to the DJ's for a total of $45 per shift in tips that Plaintiff and the Class were required to share.

41.    Defendants imposed work rules and meted out punishment including termination for any violation of the Defendants' rules and policies.

42.     The totality of circumstances surrounding the employment relationship between Defendants and the Class members establishes that Plaintiff and the class were/are employees, not independent contractors or lessees. Plaintiff and the class are not free from control or direction over the performance of their work, and such work is not outside the usual course of business for which it is performed.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

A.     **Class Action Under Fed. R. Civ. P. 23**

43.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

44.     Pursuant to Fed. R. Civ. P. Rule 23, Plaintiff seeks to prosecute the claims herein as a class action on behalf of all other persons similarly situated, which includes all persons who were or are employed, within the meaning of the NJWHL, by Defendants anywhere in the State of New Jersey as dancers, or any other equivalent position, and who were not paid the minimum wage, were misclassified in violation NJWHL and were required to share tips with Defendants and Defendants' nontipped employees at any time since three years prior to the date of this Complaint to the entry of judgment in this case.

45.     All members of the class performed the same basic duties and assignments as Plaintiff described above.  Plaintiff and all members of the class were similarly subject to Defendants' common policies and practices of improperly classifying dancers, failing to pay them the minimum wage and requiring them to share tips with Defendants and other nontipped employees.

46.     Plaintiff is a member of the class she seeks to represent, and her claims are typical of the claims of the class.  The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the class.

BE:12570271.1/GAR266-271953

47.     The working relationships between Defendants and every putative Class member are exactly the same and differ only in name, exact job duties, and rate of pay. The key legal issue in the class action—whether Defendants' classification policy and practice violates the NJWHL— is a common legal issue that is equally applicable to the Class and to each Class member.

48.     While the precise number of class members is presently unknown to Plaintiff, the number of class members includes all individuals that were employed or currently are employed by Defendants for the three (3) years preceding the filing of this complaint.  Upon information and belief, the number of individuals that were employed or currently are employed by the Defendants exceeds 100 individuals.  Therefore, the number of class members is so numerous that joinder of all class members is impracticable.

49.     Defendants have acted or refused to act on grounds generally applicable to the proposed class, making final injunctive and declaratory relief appropriate with respect to the class as a whole.

50.     Certification of the proposed class is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of Plaintiff and the class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with a risk of inconsistent adjudications and conflicting obligations.  Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiff, the members of the class, and Defendants.

51.     The number of class members is sufficient to satisfy the numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1).

52.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the class.  There will be no difficulty in the management of this action as a class action.

53.     Plaintiff's interests are co-extensive with those of the members of the proposed class.  Plaintiff is willing and able to represent the class fairly and vigorously pursue their similar individual claims in this action.  Plaintiff has retained counsel and a law firm that is experienced and competent in the fields of employment law, wage and hour law, and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with the members of the proposed class.

54.     The cost of proving Defendants' violations of the NJWHL makes it impracticable for Plaintiff and the members of the class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of litigants with identical claims.  The claims of the class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the class arise from the same course of events and each class member makes similar legal arguments to prove Defendants' liability.

55.     Common questions of law and fact exist as to all class members, and predominate over any questions that solely affect individual class members.  These common questions of law and fact include:

a.  Whether Defendants employed Plaintiffs and members of the class within the meaning of the NJWHL;

b.  Whether Defendants improperly classified Plaintiff and members of the class as independent contractors under the NJWHL;

c.  Whether the money given to dancers by patrons when they perform dances are gratuities;

d.  Whether Defendants engaged in a systematic and widespread practice of failing to pay minimum wage to Plaintiff and the class;

- 12 -

e. Whether Defendants engaged in a systematic and widespread practice of failing to pay hourly employees for all hours worked;

f. Whether Defendants failed to provide form W-2 or form 1099 statements to its employees;

g. Whether Defendants required Plaintiff and the Class to share tips with Defendants and nontipped employees;

h. Whether Defendants' failure to pay minimum wage to hourly employees and Defendants' misclassification of Plaintiff and the Class violates the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq.;

i. Whether Defendants' failure to pay overtime compensation to hourly employees violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

j. Whether Defendants' failure to pay minimum wage to hourly employees and Defendants' misclassification of Plaintiff and the Class violates the United States Department of Labor, Wage and Hour Division Regulations, 29 C.F.R. § 778.100 et seq.;

k. Whether Defendants failed to keep required employment records;

l. Whether Defendants agreed and conspired to deny class member their rights under the wage and hour laws;

m. Whether Defendants should be enjoined from such violations of the NJWHL in the future.

56. Plaintiffs will fairly and adequately protect the interests of the class members. Plaintiffs have no interests antagonistic to the interests of the other class members and have retained counsel experienced in handling class action litigations.

**B.**  **Collective Action Under 29 U.S.C. §216(b)**

57. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

58. Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to prosecute the claims herein as a collective action on behalf of all other persons similarly situated, which includes all other persons who were or are employed by Defendants anywhere in the State of New Jersey as dancers, or any other equivalent position who were not paid the minimum wage, were

- 13 -

misclassified in violation of the FLSA and unlawfully forced to share tips at any time since three years prior to the date of this Complaint to the entry of judgment in this case.

59.     The putative party plaintiffs all performed the same basic duties and assignments as Plaintiff described above.  They were all subject to Defendants' common policies and practices of improperly classifying dancers, or any other equivalent position, as independent contractors, and/or improperly failing to pay them the minimum wage to which they are entitled and for requiring Plaintiff and the Class to share tips with Defendants and Defendants' nontipped employees.  Plaintiff's claims herein are similar to those of the putative party plaintiffs.

60.     The key legal issue in the collective action—whether Defendants' classification policy and practice violates the FLSA— does not vary from Class member to Class member.

61.     Defendants violated the FLSA by failing to pay dancers the minimum wage to which they are entitled, for misclassifying them, and for requiring them to share tips with Defendants and Defendants' nontipped employees.

62.     Defendants' violations of the FLSA were willful, repeated, knowing, continuing and intentional, and economically damaged Plaintiff and the putative party plaintiffs.

63.     Pursuant to 29 U.S.C. §§207(a)(1) and 216(b), Defendants are liable to Plaintiff and the putative party plaintiffs for the full amount of unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of Plaintiff and the putative party plaintiffs.

64.     Plaintiff is currently unaware of the identities of all putative party plaintiffs. Accordingly, Defendants must be required to provide Plaintiff with a list of all persons employed by Defendants as dancers anywhere in the State of New Jersey during the three year period prior to the filing date of this Complaint, stating their last known addresses, telephone numbers and

email addresses, so that Plaintiff can provide such putative party plaintiffs notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

## <u>COUNT ONE</u>
## Fair Labor Standards Act

65.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

66.     At all relevant times, each Defendants have been and continue to be employers engaged in interstate and international commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. §203.

67.     Upon information and belief, Defendants have an annual dollar volume of sales or business well in excess of $500,000.

68.     At all relevant times, Plaintiff and all putative party plaintiffs were and/or are employees of Defendants within the meaning of the FLSA, 29 U.S.C. §203.

69.     Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216.

70.     This claim arises out of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq., for failure to pay a minimum wage to Plaintiff and members of the FLSA Collective to which they were entitled.

71.     Pursuant to 29 U.S.C. § 206, Plaintiff and the FLSA Collective were entitled to be compensated at the minimum wage in effect at various times over the past three years. Defendants failed to pay Plaintiff and members of the FLSA Collective the minimum wages set forth in 29 U.S.C. §206, or any wages whatsoever.

72.     The amounts paid to Class members and the FLSA Collective, by patrons in relation to private dances or other services performed were tips, not wages. Those tips were not

- 15 -

the property of Defendants. The entire amount collected from patrons in relation to table dances performed by dancers or for other services provided was not made part of any Defendants' gross receipts at any point.

73.     Further, no tip credit applies to reduce or offset any minimum wages due. The FLSA only permits an employer to allocate an employee's tips to satisfy a portion of the statutory minimum wage requirement provided that the following conditions are satisfied: (1) the employer must inform the tipped employees of the provisions of § 3(m) of the FLSA, 29 U.S.C. § 203(m); and (2) tipped employees must retain all the tips received except those tips included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m). Neither of these conditions was satisfied.

74.     Defendants' requirement that Class/Collective members split their tips and, pay Defendants a portion of all dance tips and to pay a "tip-out" to other employees who do not customarily receive tips, such as bouncers, house moms and disc jockeys was not part of a legally permissible or valid tip pooling or tip sharing arrangement.

75.     Based on the foregoing, Plaintiff and the Class/Collective are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 and 207 for all periods in which Plaintiff worked at Titillations, along with all applicable penalties, liquidated damages, and other relief

76.     Defendants' conduct in misclassifying Class members was intentional and willful and done to avoid paying minimum wages and the other benefits that Plaintiff and the Class were legally entitled to receive.

77.     12 U.S.C. §211(c) provides in pertinent part:

(c) Records

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of

- 16 -

> the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder.

78. 29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 further require that every employer shall maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek.

79. Upon information and belief, Defendants do not keep the aforementioned records, and thus violated the record keeping provisions of the FLSA causing Plaintiff and the Class damages.

80. Based on the foregoing, Plaintiff seeks unpaid minimum wages at the required legal rate for all working hours during the relevant time period, back pay, restitution, damages, reimbursement of any base rent and tip-splits, liquidated damages, prejudgment interest calculated at the highest legal rate, attorneys' fees and costs, and all other costs, penalties and other relief allowed by law

## COUNT TWO
### New Jersey Wage and Hour Law

81. Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

82. At relevant times, in addition to the FLSA, Plaintiff and all members of the Class were employees of the Defendants within the meaning of applicable state wage and hour laws mandating the payment of minimum wages including the NJWHL.

83. Defendants are employers within the meaning of NJWHL and supporting New Jersey State Department of Labor Regulations, and employed Plaintiff and the Class.

- 17 -

BE:12570271.1/GAR266-271953

84.     Defendants misclassified Plaintiff and the Class and failed to pay them the minimum wages to which they are entitled under the NJWHL.

85.     Any amount paid directly by a patron to a Class member is a gratuity or tip belonging solely and entirely to her. All amounts paid to Class members by customers in relation to dances, goods sold and other work performed while working at Titillations were tips and gratuities, not wages or service fees; belong solely to the Class member; and cannot be used to offset Defendants' obligation to pay them minimum wages.

86.     Defendants' conduct requiring Class members to split their tips and pay "rent" constituted unlawful tip splitting, which injured class members

87.     Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay the plaintiff and the tipped staff the statutory minimum hourly wage.

88.     As a result, Plaintiff and the Class members have suffered damages, including attorneys' fees and costs of suit.

## COUNT THREE
### Unjust Enrichment

89.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

90.     Plaintiffs and the class members conferred a substantial benefit upon Defendants by working without pay and being required to share their tips with Defendants and their nontipped employees.  Defendants, however, failed to compensate Plaintiffs and the class members this work.

91.     The receipt and retention of this benefit by Defendants constitutes unjust enrichment.

92.     As a result, Plaintiffs and the class members have suffered damages, including attorneys' fees and costs of suit.

### COUNT FOUR
### Common Law Fraud

93.     Plaintiff, on behalf of herself and all other persons similarly situated, incorporates by reference the foregoing paragraphs as if fully set forth herein at length.

94.     Defendants misrepresented to Plaintiff and the Class that they were independent contractors and stated they were required to split their tips with Defendants and Defendants' nontipped employees, such as DJ's.

95.     Defendants' misrepresentations were made with the intent that Plaintiffs and the class members rely upon them.

96.     Plaintiffs and the class members reasonably relied upon Defendants' misrepresentations to their detriment.

97.     As a result, Plaintiffs and the class members have suffered damages, including attorneys' fees and costs of suit.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all other persons similarly situated, respectfully requests that the Court grant the following relief:

a.      That all Defendants be found jointly and severally liable to Plaintiff and the Class/Collective;

b.      Declare this action to be maintainable as a collective action pursuant to the FLSA and direct Defendants to provide Plaintiff with a list of all persons who worked as dancers during the three years preceding this Complaint, including the last known address, telephone number and email address of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

c.  Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23 and designate Plaintiff as class representative and her counsel of record as class counsel;

d.  Declaratory judgment that the practices complained of in this Complaint are unlawful pursuant to the FLSA and the NJWHL;

e.  Award unpaid minimum wages compensation due under the FLSA and the NJWHL;

f.  Award all back pay, unpaid wages, and a refund of all tips, "rent", tipouts, fines and other amounts paid by Plaintiff and members of the Class to Defendants and their employees;

g.  Award permanent injunctive relief to Plaintiffs and the class members, restraining and enjoining Defendants from requiring the sharing of tips;

h.  Award permanent injunctive relief to Plaintiffs and the class members, compelling Defendants to properly classify them as employees and compensate them as hourly employees in accordance with state and federal law;

i.  Award liquidated damages under the FLSA and the NJWHL;

j.  Award restitution of all monies due Plaintiff and the Class/Collective and disgorged profits from the unlawful business practices of Defendants;

k.  Award attorneys' fees and costs under the FLSA and the NJWHL;

l.  Pre- and post-judgment interest; and

m.  Any other relief that this Court deems just and equitable.

### DEMAND FOR TRIAL BY JURY

Plaintiff, on behalf of herself and all other persons similarly situated, hereby requests a trial by jury on all issues and claims so triable.

**BRACH EICHLER L.L.C.**
*Attorneys for Plaintiff Jane Doe 1, individually and on behalf of all other persons similarly situated*

Dated:  May 17, 2022                 By:___*s/ Eric Magnelli*_____
                                              Charles X. Gormally, Esq.
                                              Thomas Kamvosoulis, Esq.
                                              Eric Magnelli, Esq.

- 20 -

BE:12570271.1/GAR266-271953

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I, Eric Magnelli, Esq. the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

<div style="margin-left: 40%">

**BRACH EICHLER L.L.C.**
*Attorneys for Plaintiff Jane Doe 1, individually and on behalf of all other persons similarly situated*

</div>

Dated:  May 17, 2022                By:    *s/ Eric Magnelli*
                                                   Charles X. Gormally, Esq.
                                                   Thomas Kamvosoulis, Esq.
                                                   Eric Magnelli, Esq.

BE:12570271.1/GAR266-271953

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE 1, individually and on behalf of all other persons similarly situated, | Civil Action No. 2:17-cv-03843-KSH-CLW |
|        Plaintiff, | |
| vs. | |
| BANC, JACK & JOE, LLC dba TITILLATIONS GO-GO-BAR, BANC AND JACK PERO, INC. dba TITILLATIONS GO-GO BAR, BANC PERO, JOSPEH CARERI, JACK PERO, ABC COMPANIES 1-10 and JOHN DOES 1-10, | |
|        Defendants. | |

**CONSENT TO JOIN COLLECTIVE ACTION
AND BE REPRESENTED BY PLAINTIFF
AND HER COUNSEL**

- I, _____ _____, consent to join the above-styled lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act;

- I authorize the named Plaintiff to file and prosecute the above-referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including the negotiation for a resolution of my claims;

- I agree to be represented by Brach Eichler LLC, counsel for the named Plaintiff;

- In the event this action is conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against the Defendants.

Name: _____          Date:

Address: _____

_____

Telephone Number: _____

- 22 -

Email: _____

Signature: _____

BE:12570271.1/GAR266-271953